HEARD NOVEMBER TERM, 1877.

## ANDERSON *vs.* EARLE.

Where one is both executor of a will and trustee thereunder of a legacy given by the will, his receipt of the legacy vests the fund in him as trustee, and his co-executor is no longer liable for it.

Where A and B were appointed executors of a will and trustees thereunder, and B qualified as executor and accepted the trust, and then A qualified as executor and paid the trust money to B, taking his receipt therefor as trustee: *Held*, That this was not only evidence that A had not accepted the trust, but was also conclusive evidence that he had repudiated it, and, consequently, that A was not liable to account to the *cestui que trusts* for the trust fund paid to B.

An executor *held* not liable for the *devastavit* of his co-executor.

One appointed both executor and trustee by the will: *Held*, Upon the evidence, to have accepted the trust, and by such acceptance to have been discharged from liability as executor.

Where one is appointed by the will both executor and trustee, the mere fact that he qualified as executor is not proof that he accepted the trust.

The evidence given in the cause *held* insufficient to prove that one appointed by the will both executor and trustee, and who had qualified as executor, had accepted the trust.

BEFORE NORTHROP, J., AT SPARTANBURG, APRIL, 1872.

This was a bill in equity by David Anderson, executor of the last will and testament of Thomas P. Brockman, against Henrietta M. Earle and Alexander C. Earle, her husband.

The case will be understood from the opinion of the Court.

*Bobo & Carlisle, Simpson,* for appellants.

*Dunkin & Cleveland, Earle & Wells, Thomson,* contra.

March 30, 1878. The opinion of the Court was delivered by

McIVER, A. J. Thomas P. Brockman, being possessed of quite a large estate, died in 1859, leaving a will, of which his son Benja-

min T. Brockman and his son-in-law, the plaintiff, were named executors. By his will he gives to his wife, during her natural life, a considerable portion of his estate, which, at her death, was to be equally divided amongst his children, except Mrs. Hudson, upon "the same trusts that are provided for in the preceding clauses" of his will. As to the shares of his daughters, after making various provisions for his other children, the testator provides for his two daughters, one of whom is the defendant, Mrs. Earle, in the eighth clause of the will, in the following words: "I give to my executors, in trust for Henrietta and Eloise, two thousand dollars each, to be invested in slaves for them and their use, with ample power to sell and reinvest, or to put the money at interest. In either case the use, profit, hire or interest to be applied to the entire use and benefit of the said two girls. Provided, however, if my estate is not sufficient, on the first division, to pay these legacies and Jesse's, that it be divided *pro rata* until the estate is sufficient, when the remainder shall be fully arranged, with interest from the time they become of age."

In the ninth clause of the will the testator says: "It is my will, at my death, that all my property be sold (except what I have willed to my wife) on such credit as the Ordinary and my executors may think best, and the proceeds thereof, after the legacies already willed are paid, shall be equally divided among all my children, (except Keziah A. Hudson, who, I think, through her husband, S. P. Hudson, has received more than her share,)    *    *    and my executors will hold the [here follows a blank in the copy of the will printed in the "case," doubtless to be filled with the word "amounts" or "shares,"] giving to Henrietta and Eloise, in the same manner as the first, amounts willed for their use, with the same powers." The plaintiff, Anderson, at first declined to qualify as executor, and Benjamin T. Brockman alone qualified as such soon after the death of the testator, took charge of the estate and proceeded in the administration of the same until some time in 1861, when he went into the army. It seems, however, that by sales and collections he had reduced into his possession a very large part, if not the whole, of the assets of the estate, except that given to the widow, which constituted an amount much more than sufficient to pay all the pecuniary legacies and leave a considerable balance to be divided amongst the children, as provided for in the ninth clause of the will. The widow died in 1861, and Benjamin T. Brockman

being then absent in the army the plaintiff qualified as executor of Thomas P. Brockman, took possession of the property which the widow left as part of the estate of Thomas P. Brockman, and, under the terms of his will, sold the same, and, after having advertised for creditors to come in and paid off such as were properly presented, proceeded to divide the balance amongst those entitled under the will. In making this division it was assumed that the share of each would amount to one thousand dollars, and the plaintiff accordingly paid that amount to B. T. Brockman, taking a receipt therefor, of which the following is a copy:

"$1,000. Received, November 22, 1862, of David Anderson, executor of J. P. Brockman, deceased, one thousand dollars, as part of legacy due Hettie M. Brockman.

"(Signed)    B. T. BROCKMAN,
"Trustee for Hettie Brockman."

Some time in 1864 B. T. Brockman died, leaving a will, of which the plaintiff is the qualified executor. The estate of B. T. Brockman proving to be wholly insolvent, occasioned, as is alleged, by the results of war, the defendant, Mrs. Earle, now seeks to hold the plaintiff responsible for her legacies under the will, and the Circuit Judge having so decided the plaintiff appeals.

It is difficult to understand how, in any aspect of the case, the plaintiff can be made liable for the legacy of two thousand dollars. He cannot be made liable as co-executor, because, in the first place, he was not co-executor at the time the money came into the hands of the other executor; but, even if he had been, he could not be so made liable under the facts as presented in this case.

The rule is, as stated by Harper, Ch., in O'Neall vs. Herbert, (McM. Eq., 497,) "that one executor is not liable for the assets which come into the hands of his co-executor unless under particular circumstances, such as having paid them over to him, having joined in a misapplication of them, or having joined in a receipt by which he enabled him to receive them." See, also, Johnson vs. Johnson, 2 Hill Ch., 288; Atcheson vs. Robertson, 3 Rich. Eq., 137. Now, as there is no evidence whatever tending to show that the plaintiff did any act which enabled B. T. Brockman to receive this money, or that he in any way contributed to the devastavit charged against B. T. Brockman, he cannot, under the rule, be made liable

as co-executor. There is, however, one view of the matter which will effectually dispose of the question. B. T. Brockman was not only executor, but he was also appointed trustee for Mrs. Earle under the will; and although there is no evidence that he ever, in so many words, accepted the trust, yet, as no such formal accept- ance was necessary, (Hill on Trustees, *214, 215,) we are satisfied that the circumstances in the case are quite sufficient to show that he did accept the trust. In the statement of his accounts as executor, filed with the bill as Exhibit C, he credits himself with this legacy of two thousand dollars as paid, and as it could only be paid by him as executor to the trustee the necessary inference is that by such entry he intended to transfer this amount from his liability as executor to his liability as trustee, and that of itself would be a sufficient circumstance to show that he had accepted the trust. For, as the writer just cited says, at page *215, " where the same person is appointed both executor and trustee, it is difficult, though sometimes of importance, to determine when the office of executor has ceased and that of trustee has commenced. The rule appears to be that if a part of the assets has been clearly set apart and appropriated by the executor to answer a particular trust he will be considered to hold the fund as trustee for those trusts, and no longer as mere executor." But another circumstance which is perfectly conclusive is the signing of the receipt of 22d November, 1862, as trustee of Mrs. Earle, then Miss Hettie Brock- man. If, then, B. T. Brockman, as we have seen, accepted the office of trustee, as soon as the amount of the legacy was ascertained to be in his hands as executor and payable to the trustee of Mrs. Earle, he being the trustee, the same was paid by operation of law, so far as his liability as executor was concerned, and became cash in his hands as trustee.—*Schnell* vs. *Schroder*, Bail. Eq., 328. This was ascertained, as appears by the statement which was filed with the bill as Exhibit C. For, while this statement may not be evi- dence in his own favor, as was argued, it is quite sufficient to show, as his own admission, that he had set apart the fund due to himself as trustee, and it amounted to an acknowledgment that he held that money as trustee and not as executor, just in the same way that an administrator, who is also the guardian of one of the distributees, by making a return in which he credits his administration account with so much money paid to himself as guardian, transfers his lia- bility from his administration bond to his guardianship bond.—

*Schnell* vs. *Schroder*, Bail. Eq., 328; *Crenshaw* vs. *Crenshaw*, 4 Rich. Eq., 15. The result, therefore, is, that so far from the plaintiff being liable as executor, neither one of the executors were liable, *as such*, but the liability was transferred to B. T. Brockman as trustee.

This view of the case disposes of what seemed to be the main ground relied upon in the argument, to fix a liability upon the plaintiff, viz., that the legacy to Mrs. Earle was a charge upon the whole estate, including that which had been given to the widow for life, and which, upon her death, was sold and went into the hands of the plaintiff as executor of Thomas P. Brockman, and that until such legacy was paid the plaintiff could not lawfully divide the proceeds of such sale, as he did do, amongst the legatees provided for by the ninth clause of the will, for this argument rests necessarily upon the supposition that the legacy of two thousand dollars had not been paid; and if, as we have seen, there is no foundation for such a supposition, but that, on the contrary, the legacy had been paid, whether in actual cash or by operation of law can make no difference, the argument must necessarily fail.

The next question is, whether the plaintiff can be held liable for the one thousand dollars which he, as executor, paid over to B. T. Brockman, as trustee for Mrs. Earle, on the 22d November, 1862. While it may admit of a question whether, even assuming the plaintiff to have accepted the office of trustee for Mrs. Earle, he could be held liable, under the circumstances of this case, we prefer to rest our decision upon the ground that there is no evidence to show that the plaintiff ever did accept the trust, and, on the contrary, that there is at least one circumstance which would indicate that he declined to accept. The mere fact of his having qualified as executor is not sufficient evidence that he accepted the trust, (*Ashe* vs. *Ashe*, Rich. Eq. Ca., 283,) for as Johnson, J., in that case says: " If a legacy be left to an executor and he qualify, I apprehend there is no doubt he may, notwithstanding, say : 'I will discharge my duty as executor, but will not accept the legacy.'" Here these legacies were given to the plaintiff and another. "I give to my executors, in trust for Henrietta and Eloise," and we see no reason why the plaintiff may not say, as we think he in effect did say : "I will discharge my duty as executor, but will not accept the legacy." When he practically repudiated the trust by paying over the portion which he estimated was due to Mrs. Earle to the person whom, as we have seen, had accepted the trust, and taking his receipt *as trustee* to him-

self as executor, there is no fact or circumstance in the case indicating any intention on the part of the plaintiff to accept the trust, and we do not think he should be held to have so done.

If, then, being merely the executor, he made this payment to the trustee of Mrs. Earle, he did exactly what his duty required him to do, and of course cannot be held liable.

The judgment of the Circuit Court is, therefore, reversed, in so far as it conflicts with the views herein expressed, and the case is remanded to the Circuit Court for such further proceedings as may be necessary.

Motion granted.

*Willard,* C. J., and *Haskell,* A. J., concurred.